**Lemuel H. NALLEY, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–834.**

United States District Court,
N. D. Alabama,
Northeastern Division.

April 22, 1971.

Jerry R. Barksdale, Barksdale & Blizzard, Athens, Ala., for plaintiff.

Wayman G. Sherrer, U. S. Atty. N. D. Ala., Birmingham, for defendant.

## MEMORANDUM OPINION

ALLGOOD, District Judge.

The plaintiff, Lemuel H. Nalley, brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, as amended. [42 U.S.C. § 405(g)], seeking a review by this court of a final adverse decision of the Secretary of Health, Education and Welfare, denying the plaintiff's application for the establishment of a period of disability under Section 216(i) of the Act [42 U.S.C. § 416(i)], and for disability insurance benefits, as provided by Section 223 of the Act, [42 U.S.C. § 423].

The plaintiff filed an application for a period of disability and for disability insurance benefits on October 8, 1969, alleging that he became unable to work on August 20, 1969, at age 55. The application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. The hearing examiner, before whom the plaintiff and his witnesses appeared, considered the case *de novo*, and on June 25, 1970, found that the plaintiff was under a disability beginning August 20, 1969, and entitled to disability insurance benefits. The Appeals Council, on its own motion, reviewed the hearing examiner's decision and on October 12, 1970, issued a decision which reversed the hearing examiner and found that the plaintiff was not under a disability. The decision of the

Appeals Council is the final decision of the Secretary subject to review herein

The very able and experienced hearing examiner after a hearing *de novo* during which he had the opportunity to see and hear the testimony of witnesses and to determine the weight to be given to this testimony, and after carefully considering all of the evidence of record found that:

"* * * [B]eginning on August 20, 1969, the claimant was under a 'disability,' as that term is defined in the Social Security Act, as amended, and that such disability has continued up to and through the date of this decision."

The record as a whole in this case does not in the opinion of the court substantially support the reversal of the hearing examiner's decision by the Appeals Council. The Appeals Council interpreted the medical reports in such a manner as to support their action in reversing the hearing examiner. These reports alone do not constitute substantial evidence sufficient to outweigh the evidence in the case favorable to plaintiff's claim.

In addition to plaintiff's other ailments, most of the medical diagnoses found plaintiff to be suffering from "Chronic obstructive *emphysema, severe.*" (Emphasis added.) (Tr. 64 and 101).

This court has examined the record as a whole to determine the reasonableness of the decision reached by the Secretary. Williams v. Finch, 440 F.2d 613 [5th Cir., filed March 17, 1971].

In light of the teaching of the *Williams* case, *supra,* and the aforestated conclusions of the court, this case should be reversed and the Secretary ordered to pay the plaintiff the benefits for which he filed application on October 8, 1969. An appropriate order will be entered.